IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| WILSON SPORTING GOODS CO., <br><br> Plaintiff, <br><br> v. <br><br> Caribbean Sluggers LLC, <br><br> Defendants. | Case No.  3:21-cv-371-DJH <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Wilson Sporting Goods Co. ("Wilson") hereby complains of Defendant Caribbean Sluggers LLC ("Caribbean Sluggers") as follows:

### NATURE OF THE ACTION

1. This is an action for trademark infringement and unfair competition arising out of Caribbean Slugger's use of Wilson's "SLUGGER" and "LOUISVILLE SLUGGER" trademarks. The claims arise out of the laws of the United States, Title 15, Section 1051 et seq. of the United States Code (the "Lanham Act"), and out of the statutes and common laws of the Commonwealth of Kentucky.

2. In this action, Wilson seeks an injunction enjoining Caribbean Sluggers from continuing to infringe Wilson's Federal and common law trademarks, an accounting of Caribbean Sluggers' profits, and an award to Wilson of Caribbean Sluggers' profits as authorized by the Lanham Act.

3. This Court has subject matter jurisdiction under 28 U.S. Code Section 1331 and 1338(a) because this Complaint asserts a federal question. To the extent any cause of action arises

under the laws of the Commonwealth of Kentucky, this Court has supplemental jurisdiction under 28 U.S. Code Section 1367.

## THE PARTIES

4. Wilson is a Delaware corporation headquartered at 130 East Randolph Street, Suite 600, Chicago, Illinois 60601.

5. Wilson is the owner of a brand named "Louisville Slugger." Wilson manufactures baseball bats and baseball equipment under the Louisville Slugger brand from its location in Louisville, in this judicial District.

6. Wilson is the owner of registered trademarks in the word "SLUGGER," having registration numbers 1867098, 3619985, 4682605, 5418848, 5794764, and 6329137 (together, the "SLUGGER MARKS").

7. Wilson uses the SLUGGER MARKS in commerce in connection with, among other things, baseball bats, baseball equipment, and apparel.

8. Wilson is the owner of registered trademarks in the word mark "LOUISVILLE SLUGGER," having registration numbers 0379405, 0512675, 0511742, 1131403, 1326931, 1328693, 1352409, 2111291, 2144755, 2340147, 2354632, 2401296, 2414509, 2421681, 2537792, 2840949, 2856119, 3274641, 3406690, 3655349, 4289335, 4790970, 4790971, 5022786, 5105479, 5233098, and 6329138 (together, the "LOUISVILLE SLUGGER MARKS").

9. Wilson uses the LOUISVILLE SLUGGER MARKS in commerce in connection with, among other things, baseball bats, baseball equipment, and apparel.

10. Upon information and belief, Caribbean Sluggers is a limited liability company organized under the laws of the State of Alabama and maintains an office at 3779 Gillispie Road, Dolomite, Alabama 35061.

11. Caribbean Sluggers operates the website www.caribbeansluggers.com, through which it sells baseball bats and apparel bearing the mark "Sluggers" and/or "Caribbean Sluggers" (together, the "INFRINGING PRODUCTS") in a manner that infringes the SLUGGER MARKS and the LOUISVILLE SLUGGER MARKS (together, "the ASSERTED MARKS").

## JURISDICTION AND VENUE

12. Wilson operates the Louisville Slugger brand in this judicial District, including by manufacturing Louisville Slugger products in this judicial district. Caribbean Sluggers has directed its conduct to this judicial District by willfully infringing Wilson's ASSERTED MARKS, and by causing damage to Wilson in this District.

13. This Court has personal jurisdiction over Caribbean Sluggers because Caribbean Sluggers transacts business in this District, at least by offering to sell, selling, and advertising products that infringe Wilson's ASSERTED MARKS in a manner that targets and reaches customers in the Commonwealth of Kentucky and in this judicial District, and because Caribbean Sluggers has caused harm to Wilson in this juridical District by intentionally infringing the ASSERTED MARKS.

14. Venue is proper in this District under 28 U.S. Code Section 1391.

## FACTUAL BACKGROUND

15. Wilson is the owner of the Louisville Slugger brand, and the owner of the SLUGGER MARKS and the LOUISVILLE SLUGGER MARKS.

16. The SLUGGER MARKS are duly issued by the United States Patent and Trademark Office.

17. The SLUGGER MARKS are valid and in full force and effect.

18.     The LOUSIVILLE SLUGGER MARKS are duly issued by the United States Patent and Trademark Office.

19.     The LOUISVILLE SLUGGER MARKS are valid and in full force and effect.

20.     A Section 15 Declaration of Incontestability has been filed for the following SLUGGER MARKS: 1867098, 3619985, and 4682605.

21.     Under the terms of the Lanham Act, Caribbean Sluggers cannot contest the SLUGGER MARKS having registration numbers 1867098, 3619985, or 4682605.

22.     A Section 15 Declaration of Incontestability has been filed for the following LOUISVILLE SLUGGER MARKS: 0379405, 0512675, 0511742, 1131403, 1326931, 1328693, 1352409, 2111291, 2144755, 2340147, 2354632, 2401296, 2414509, 2421681, 2537792, 2840949, 2856119, 3274641, 3406690, 3655349, and 4289335.

23.     Under the terms of the Lanham Act, Caribbean Sluggers cannot contest the LOUISVILLE SLUGGER MARKS having registration numbers 0379405, 0512675, 0511742, 1131403, 1326931, 1328693, 1352409, 2111291, 2144755, 2340147, 2354632, 2401296, 2414509, 2421681, 2537792, 2840949, 2856119, 3274641, 3406690, 3655349, or 4289335.

24.     Wilson has also acquired common law trademark rights in the SLUGGER MARKS and the LOUISVILLE SLUGGER MARKS.

25.     Consumers have come to recognize the ASSERTED MARKS and have come to associate the ASSERTED MARKS with Wilson's Louisville Slugger brand as a source of quality baseball bats, equipment, and apparel, among other things.

26.     For example, an article published on January 9, 2019, by the Christ School, states: "Louisville Slugger has become synonymous with baseball. With a brand name closer to home, former Christ School standout Ali Knowles '09 is looking to make some inroads as well." (Exhibit

A)      (https://www.christschool.org/about-us/news-events/news-posts/~post/ali-knowles-09-swinging-for-the-fences-with-new-business-20190109)

27.     Such article is evidence that the ASSERTED MARKS are associated with the Louisville Slugger brand in the mind of the consumer, and that Caribbean Sluggers is trading off of the ASSERTED MARKS.

28.     Because customers associate the ASSERTED MARKS with Wilson's Louisville Slugger brand, Wilson has a protectable interest in the ASSERTED MARKS.

29.     Caribbean Sluggers has used the ASSERTED MARKS in interstate commerce in connection with the INFRINGING PRODUCTS.

30.     Caribbean Sluggers has advertised and sold bats it refers to as "Custom Slugger" and "Pro Slugger."

31.     Caribbean Sluggers has advertised and sold apparel it refers to as "Slugger Caps."

32.     Caribbean Sluggers maintains a website at www.caribbeansluggers.com

33.     Caribbean Sluggers has infringed, and continues to infringe, Wilson's ASSERTED MARKS by selling INFRINGING PRODUCTS bearing the mark "Slugger," and/or "Sluggers" and by maintaining a website whose URL includes the mark "Sluggers."

34.     Wilson did not give Caribbean Sluggers permission to use the ASSERTED MARKS.

35.     Caribbean Slugger's infringing use of the ASSERTED MARKS creates an inevitable and unavoidable confusion, or likelihood of confusion, concerning the source of its products.

36.     Wilson has no control over the quality of the goods or services provided by Caribbean Sluggers, and because of the confusion cause by Caribbean Sluggers, Wilson's valuable

goodwill in its ASSERTED MARKS and Louisville Slugger brand has been diminished or may become diminished.

37. On March 3 and March 19, 2021, Wilson sent correspondence to Caribbean Sluggers.

38. Wilson's correspondence requested that Caribbean Sluggers cease and desist its infringement of the ASSERTED MARKS.

39. Caribbean Sluggers received Wilson's correspondence.

40. Caribbean Sluggers has continued using the words "slugger" and/or "sluggers" in connection with its products, even after receiving Wilson's correspondence.

41. Subsequently, on March 26, 2021, Caribbean Sluggers filed its own trademark application in the mark "Caribbean Sluggers," having application number 90605392. Such trademark application remains pending before the United States Patent and Trademark Office.

42. The fact that Caribbean Sluggers filed its own trademark application is evidence of Caribbean Sluggers' intent to continue its willful infringement of the ASSERTED MARKS.

43. Unless enjoined by this Court, Wilson will be irreparably harmed by Caribbean Sluggers ongoing and continuing infringement of the ASSERTED MARKS.

## COUNT I
## INFRINGEMENT OF FEDERALLY REGISTERED MARKS UNDER SECTION 43(A) OF THE LANHAM ACT

44. Wilson incorporates paragraphs 1 through 43 as if fully set forth herein.

45. Wilson owns federal registrations in the ASSERTED MARKS.

46. Such federal registrations were duly issued by the United States Patent and Trademark Office and are valid and enforceable.

47. Caribbean Sluggers has infringed Wilson's ASSERTED MARKS within the meaning of United States Code Section 1051, et seq, referred to as the Lanham Act.

48. Caribbean Sluggers has used, and continues to use, Wilson's ASSERTED MARKS in commerce in connection with goods and/or services in a manner that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between Caribbean Sluggers and Wilson.

49. Caribbean Sluggers has had knowledge of Wilson's SLUGGER MARKS, and its ongoing infringement is willful and intended to cause confusion or mistake, or to deceive customers.

50. Caribbean Sluggers' infringement has caused, and continues to cause, irreparable harm and damage to Wilson, and has cause Wilson to suffer monetary damage in an amount thus far not determined.

51. Wilson has not adequate remedy at law, and an injunction is necessary to prevent ongoing damage to Wilson.

## COUNT II
## FALSE DESIGNATION OF ORIGIN UNDER
## SECTION 43(A) OF THE LANHAM ACT

52. Wilson incorporates paragraphs 1 through 51 as if fully set forth herein.

53. Caribbean Sluggers' unauthorized use of the ASSERTED MARKS creates the false impression that the INFRINGING PRODUCTS originate from, are licensed by, sponsored by, and/or otherwise affiliated with Wilson's Louisville Slugger brand, when in fact there is no connection between Wilson and Caribbean Sluggers.

54. This constitutes a false designation of origin under Section 43(a) of the Lanham Act and is likely to damage Wilson.

55. Wilson has no adequate remedy at law, and an injunction is necessary to prevent ongoing damage to Wilson.

## COUNT III
## CYBERSQUATTING UNDER THE LANHAM ACT

56. Wilson incorporates paragraphs 1 through 55 as if fully set forth herein.

57. Caribbean Sluggers has, in bad faith, intended to profit from its use of the ASSERTED MARKS, which are protected under the Lanham Act.

58. Caribbean Sluggers has registered, traffics in, and/or uses a domain name having URL [www.caribbeansluggers.com](www.caribbeansluggers.com).

59. Caribbean Sluggers' URL is confusingly similar to the ASSERTED MARKS.

60. The ASSERTED MARKS were distinctive at the time Caribbean Sluggers registered its domain name.

61. Caribbean Sluggers' continued use of the infringing domain name will continue to harm Wilson, unless enjoined by this Court.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

62. Wilson incorporates paragraphs 1 through 61 as if fully set forth herein.

63. This Count arises under the common law of trademarks, unfair competition and passing off of the Commonwealth of Kentucky.

64. This Court has jurisdiction over the claim set forth herein by virtue of 28 U.S.C. § 1338 (b) because this claim is one of common law trademark infringement and unfair competition and is substantially related to the claims arising under federal trademark law (including Counts I through III).

65. Wilson has used its ASSERTED MARKS in connection with baseball bats and related products, and the mind of the consumer has come to associate the ASSERTED MARKS with Wilson and its Louisville Slugger brand.

66. Wilson therefore has a protectable common law interest in the word marks "SLUGGER" and "LOUISVILLE SLUGGER."

67. Caribbean Sluggers has willfully infringed Wilson's common law trademarks, and unfairly misappropriated the good will associated with the Louisville Slugger brand.

68. The acts of Caribbean Sluggers have caused irreparable harm and damage to Wilson and have caused Wilson to suffer damages in an amount thus far not determined.

69. Caribbean Sluggers' unlawful conduct will continue to damage Wilson, unless enjoined by this Court.

## COUNT V
## UNLAWFUL ACTS AND UNFAIR COMPETITION UNDER KY. REV. STAT. § 367.170

70. Wilson incorporates paragraphs 1 through 69 as if fully set forth herein.

71. Wilson is the owner the ASSERTED MARKS.

72. Caribbean Sluggers has violated Ky. Rev. Stat. § 367.170 by using the ASSERTED MARKS in connection with its own INFRINGING PRODUCTS, which constitutes an unfair, false, misleading, or deceptive act or practice in the conduct of trade.

73. Caribbean Sluggers' unlawful acts and acts of unfair competition have harmed Wilson, and will continue to harm Wilson unless enjoined by this Court.

## ALLEGATIONS OF DAMAGE

74. The acts of Caribbean Sluggers have caused Wilson to suffer damages to its good will and business reputation, including without limitation monetary damages in an amount not yet determined.

75. By reason of Caribbean Slugger's act alleged herein, it has unjustly profited from its unlawful use of the ASSERTED MARKS.

76. Caribbean Slugger's continued use of the ASSERTED MARKS will cause Wilson to suffer irreparable injury which has no adequate remedy at law.

77. Under Section 35 of the Lanham Act, codified at 15 U.S.C. 1117, Wilson is entitled to recover Caribbean Sluggers' profits, any damages sustained by Wilson, and the costs of this action.

78. An accounting is necessary to determine the amount of Caribbean Sluggers' profits, which shall be awarded to Wilson pursuant to the Lanham Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Wilson Sporting Goods Co. prays for judgment as follows:

A. That judgement be entered in favor of Wilson, and against Caribbean Sluggers, on each of the causes of action set forth herein;

B. That this Court permanently enjoin and restrain Caribbean Sluggers and its agents, employees, affiliates, and everyone otherwise associate with Caribbean Sluggers from directly or indirectly using the SLUGGER MARKS, and any other mark that is confusingly similar to the SLUGGER MARKS;

C. That this Court permanently enjoin and restrain Caribbean Sluggers and its agents, employees, affiliates, and everyone otherwise associate with Caribbean Sluggers from

directly or indirectly using the LOUISVILLE SLUGGER MARKS, and any other mark that is confusingly similar to the LOUISVILLE SLUGGER MARKS;

D. That this Court permanently enjoin and restrain Caribbean Sluggers from operating the URL www.caribbeansluggers.com

E. That this Court award Caribbean Sluggers' profits to Wilson;

F. That this Court award Wilson the actual damages incurred by Wilson as a result of Caribbean Slugger's use of the ASSERTED MARKS.

G. That this Court award treble damages as a result of Caribbean Sluggers' intentional acts;

H. That this Court find this case to be "exceptional" within the meaning of the Lanham Act and award Wilson it's costs and attorney's fees under Section 35(a) of the Lanham Act;

I. That this Court grant Wilson all equitable and monetary relief as it shall deem just and proper.

## JURY DEMAND

Wilson hereby demands and request a jury trial on all issues that are triable by jury.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**

/s/*Marcia L. Pearson*
James M. Burd
Marcia L. Pearson
100 Mallard Creek Road, Suite 250
Louisville, KY 40207
502.238.8500 (Main)
502.238.7995 (Fax)
james.burd@wilsonelser.com
marcia.pearson@wilsonelser.com
*Counsel for Plaintiff,*
*Wilson Sporting Goods Co.*